IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MICHAEL VINCIENT PASCOCCIELLO and
CAROLYN PASCOCCIELLO,**

    **Plaintiffs,**

**v.**                                                  **CIVIL ACTION NO. 5:04-1085**

**INTERBORO SCHOOL DISTRICT,
ROBERT J. CASTLE, BOARD OF EDUCATION
OF THE COUNTY OF FAYETTE, and
EDGAR W. FRIEDRICHS,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiffs' motion to remand (Doc. No. 11). Defendant Interboro School District (hereinafter "ISD") filed a response in opposition on November 12, 2004 (Doc. No. 20). Defendant Board of Education of the County of Fayette (hereinafter "Fayette Board") filed a response in opposition on November 15, 2004 (Doc. No. 21). The plaintiffs filed a reply on November 22, 2004 (Doc. No. 27). Accordingly, the motion is ripe for ruling. For the reasons detailed herein, plaintiffs' motion is DENIED.

### I.   PROCEDURAL HISTORY

The plaintiffs filed this action in the Circuit Court for Fayette County, West Virginia on September 13, 2004. The plaintiffs filed an amended complaint on September 16, 2004, in Fayette County. The plaintiffs filed a second amended complaint

in this court on December 27, 2004 (Doc. No. 51). On October 7, 2004, defendant Fayette Board filed an answer to the complaint asserting that it was improperly served. On October 6, 2004, defendant ISD field a Notice of Removal with this court. On December 8, 2004, plaintiffs perfected service on defendant Fayette Board. On December 21, 2004, defendant Board of Education consented to the Notice of Removal filed by ISD (Doc. No. 47). On January 4, 2005, the plaintiffs effected service on defendant Robert Castle. On January 25, 2005, defendant Castle filed his consent to the Notice of Removal (Doc. No. 70). On January 5, 2005, defendant Edgar Friedrich's waived service of process (Doc. No. 67). On February 3, 2005, defendant Friedrich's consented to the Notice of Removal (Doc. No. 79).

## II. ARGUMENT

In the motion to remand, the plaintiffs assert two grounds for remand: (1) the plaintiffs allege that defendant Fayette Board failed to properly consent to the notice of removal within thirty days of service on September 16, 2004, thereby barring removal. See Doc. No. 12 at 2, 10; (2) the plaintiffs assert that the case could not be removed on October 6, 2004, because defendants Castle and Friedrichs remained to be served. Id. at 2, 8-10. Defendant Fayette Board alleges that it was improperly served on September 16, 2004, and therefore its thirty-day time period to remove had not started to run. See Doc. No. 21 at 2-5.

Further, both Defendant ISD and Fayette Board argue that the consent of unserved defendant's is not required at the time of removal and can be obtained within thirty-days of their service. See Doc. No. 20 at 3-6; Doc. No. 21 at 6-8.

### III. ANALYSIS

The record is clear that defendant ISD filed a notice of removal within its thirty-day window and that defendants Castle and Freidrichs filed their consents to the removal within thirty-days of service of process. Two questions are in dispute, however. One, when was the effective date of service of process on defendant Fayette Board such as to begin the thirty-day clock on consenting to the notice of removal? Second, is the rule of unanimity violated when a party removes an action before all defendants have been served? The court finds that Fayette Board was not properly served until December 8, 2004, and therefore December 8, 2004, is the effective start of the thirty-day removal clock. Additionally, the court finds that the rule of unanimity is not violated by a party removing an action before all defendants have been served. As such, each party has thirty days from its service in which to consent to the notice of removal. Further, this court finds that each defendant consented within its own thirty-day window. Accordingly, this court finds that removal was proper, that this court retains jurisdiction, and denies plaintiffs' motion to remand.

A.  SERVICE OF PROCESS ON DEFENDANT FAYETTE BOARD

The plaintiffs argue that defendant Fayette Board effectively received service of process on September 17, 2004. See Doc. No. 12 at 2.  On that date, the receptionist for Central Board Office of the Board of Education of the County of Fayette, signed for a summons and amended complaint directed to Helen Whitehair, Superintendent of the Board of Education of the County of Fayette.  See Doc. No. 21 at 2.  By doing so, service was complete on the Superintendent of the Board of Education.  The issue is whether the plaintiffs properly served defendant Fayette Board by serving the Superintendent of the Board of Education.

West Virginia Rule of Civil Procedure 4(d)(6)(C) provides that service of process shall be made "[u]pon a board of education, by delivering or mailing in accordance with [Rule 4(d)(1)] a copy of the summons and complaint to the president or *any member thereof* or, if they be absent, to the prosecuting attorney of the county."  See W. Va. R. Civ. Pro. 4(d)(6)(C) (emphasis added).  The Superintendent of the Board of Education is not the president of the Board, but the plaintiffs argue that she is a "member thereof."  See Doc. No. 27 at 1-3 (pointing to the duties of the Superintendent).  The Superintendent's duties include serving as the secretary of the board of education at meetings.  See W. Va. Code § 18-4-10(7).  This duty alone, however, does not make the Superintendent a member of the Board

4

of Education.

A comparison to other code sections, makes it clear that the Superintendent was not contemplated by the legislature to be a member of the Board of Education. West Virginia Code § 18-5-1 explicitly outlines that the board of education "shall be composed of five members, nominated and elected by the voters of the respective county." See W. Va. Code § 18-5-1. The Superintendent of the County Board of Education, however, is not elected and is supernumerary to the five members of the board of education. Rather than being elected by the voters of the county, the Superintendent is "appointed by the board upon a majority vote of the members thereof." See W. Va. Code § 18-4-1(a). Moreover, the only residential restriction on the Superintendent is that she "shall be a resident of the county, or of a contiguous county in this state, which he or she serves." See W. Va. Code § 18-4-1(d). On the other hand, there can be "[n]o more than two members [of the board] from the same magisterial district." See 18-5-1. If the Superintendent is considered a member of the board of education, she could not be elected if she resided in a magisterial district in which two current members of the board resided. Additionally, the reporting duties of the Superintendent indicate that she is not a member of the board but rather has a working relationship with the board of education. Throughout the code provisions detailing

5

the Superintendent's duties, it is stated that she is to "report to the county board" on some issue or another. See generally W. Va. Code §§ 18-4-10 and 18-4-11. If the Superintendent was a member of the board, these code sections would instead read that she is to "report to the *full* county board" or "report to the *other* members of the county board." That the legislature used the language that it did, is indicative of its intent that the Superintendent was not a member of the board of education. Thus, this court finds that the Superintendent of the County Board of Education is not a member of the Board of Education. Accordingly, the plaintiffs did not serve the Board of Education on September 17, 2004, when a summons and complaint was served upon the Superintendent.

Because the defendant Fayette Board was not properly served on September 17, 2004, its thirty-day clock to consent to removal did not start on that date. Rather, "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." See McKinney v. Board of Trustees of Maryland Community College, 955 F.2d 924, 927 (4th Cir. 1992). The plaintiffs properly served defendant Fayette Board on December 8, 2004, by effecting service on G. Steve Pilato, the president of the Board of Education. See Doc. No. 47 at 2. Defendant Fayette Board had thirty days from December 8, 2004, in which to consent to the removal petition

6

filed by defendant ISD. Defendant Fayette Board expressed that consent on December 21, 2004. <u>See</u> Doc. No. 47. Accordingly, this court finds that defendant Fayette Board properly consented to the removal petition filed by defendant ISD and consented within the thirty-day period required by law.

### B. <u>RULE OF UNANIMITY</u>

The plaintiffs argue that the remand is appropriate because not all of the defendants consented to removal withing thirty-days of receiving the complaint. <u>See</u> Doc. No. 12 at 4-9. Specifically, the plaintiffs argue that because not all of the defendants had been served at the time ISD filed the removal petition, consent was lacking from some defendants and removal was improper. The defendants argue that the relevant thirty-day period to consent is individual to each defendant and can be expressed after a notice of removal has been filed so long as it is filed within thirty-days of that defendant's respective window to consent. <u>See</u> Doc. No. 20 at 3-6; Doc. No. 21 at 7-8. This court finds that each individual defendant has thirty days from its service of process to consent to a removal petition filed by another co-defendant.

A notice of removal must be filed withing thirty days of service of process of the complaint or summons. <u>See</u> 28 U.S.C. § 1446(b). It is black letter law that each defendant must join a petition for removal. <u>See</u> <u>Chicago, Rock Island & Pacific</u>

Railway Co. V. Martin, 178 U.S. 245, 248 (1900); Means v. G&C Towing, Inc., 623 F. Supp. 1244, 1244 (S.D.W. Va. 1986). The requirement that all defendants join the petition is often termed the "rule of unanimity." Although each defendant is required to join in the petition, all defendants do not have to file the petition jointly. See McKinney v. Board of Trustees of Maryland Community College, 955 F.2d 924, 926-27 (4th Cir. 1992). Rather, each defendant must join the petition within thirty days of his or her own individual service of process. Id. at 927 ("Individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid petition removal."). This court has held that "[t]he time limitation on seeking removal begins to run when the defendant is properly served in the state court action, not when the state court action is commenced." See Ratcliff v. Workman, 274 F. Supp. 2d 783, 790-92 (S.D.W. Va. 2003).

Acknowledging that the above cited cases allow for each defendant to have its own thirty-day period in which to consent to removal, the plaintiffs argue that these case "merely speak to the *timing* of another defendant's consent." See Doc. No. 12 at 8. The key issue, the plaintiffs argue, is that defendant ISD filed the petition for removal before all of the defendants had been served and therefore all defendants could not consent. Id. This court finds that whether a petition for removal has been

8

filed before or after all defendants has been served does not affect the validity of the removal petition so long as each defendant properly consents within the appropriate time frame.

To find otherwise, would allow industrious plaintiffs to defeat removal jurisdiction. For instance, a plaintiff could name three defendants in the complaint but only serve the first two. The plaintiffs in this case would argue that these first two defendants could not remove the action until the third defendant had been served. But what if the third defendant was never properly served, by design or otherwise? The effect would be that the first two served defendants thirty-day window would have expired and because the third defendant had not been served, no one could petition for removal. This result would be unjust. Instead, the sounder rule, followed by the Fourth Circuit Court of Appeals in McKinney, is that the first-served defendants can file a petition for removal even before the other defendants have been served and removal will be proper so long as all served defendants have consented within his or her time frame. In McKinney, the first ten defendants who were served petitioned for removal at the same time. See McKinney, 955 F.2d at 925. An eleventh defendant, who had been served before the petition was filed, joined the petition at a later date but still within his thirty-day window. Id. A twelve defendant had not been served at the time the petition was filed, but that defendant also

9

joined the petition within her thirty-day time frame. Id. The Fourth Circuit held that removal was proper in this case because all defendants had joined the petition for removal within the individual thirty-day windows for each. Id. at 926.

As detailed in the procedural history *supra*, each defendant joined the removal petition within thirty days of receiving service of process. Therefore, removal was proper. Accordingly, plaintiff' motion to remand is DENIED.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED this 25th day of August, 2005.

ENTER:

*David A. Faber* (signature)
David A. Faber
Chief Judge