```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BECKLEY
```

**MICHAEL VINCENT PASCOCCIELLO, et al.,**

    **Plaintiffs,**

**v.**                                           **CIVIL ACTION NO. 5:04-1085**

**INTERBORO SCHOOL DISTRICT, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before this court is plaintiffs' Motion for Reconsideration of this court's September 16, 2005 order (Doc. No. 134) and defendant Robert J. Castle's ("Castle") motion to dismiss for lack of personal jurisdiction (Doc. No. 78). On September 16, 2005, this court dismissed claims against defendant Interboro School District ("ISD") for lack of personal jurisdiction. By clerical oversight, the entire case was transferred to the Eastern District of Pennsylvania. Plaintiffs and the Board of Education of the County of Fayette ("Fayette Board") seek reconsideration. For the reasons detailed herein, this court (1) VACATES its September 16, 2005 order (Doc. No. 126) in so far as it applies to Fayette Board, Robert J. Castle, and Edgar W. Friedrichs, (2) reaffirms its decision to GRANT ISD's motions to dismiss,[1] (3) GRANTS Castle's motion to dismiss, (4) SEVERS claims against ISD and Castle and TRANSFERS them to

---

[1] The court notes that the Amended Complaint (Doc. 51) is identical to the original complaint except for adding an additional claim against defendant Edgar Friedrichs. For this reason, the court has considered the motions together and will refer to the first motion to dismiss (Doc. No. 4) for all citations.

the Eastern District of Pennsylvania where personal jurisdiction appears to exist. Claims against Fayette Board and Friedrichs remain pending in this court.

## I. Factual Allegations

The plaintiffs' complaint seeks damages for an alleged sexual assault on plaintiff Michael Pascocciello by defendant Edgar W. Friedrichs ("Friedrichs"). See Doc. No. 1, Attachment A. Fayette Board cross claimed against ISD, Castle, and Friedrichs for indemnity or contribution. Doc. Nos. 6, 7, & 8. The alleged assault occurred in 1997 while defendant Friedrichs was employed by Fayette Board. Doc. No. 1, Attachment A at 5. ISD had employed Friedrichs in the 1960s and 1970s as a teacher, during which Castle served as principal of ISD. Id. at 2-3.

Because Friedrichs sexually assaulted several individuals in ISD schools, Castle and ISD asked Friedrichs to resign. Id. at 3. Friedrichs agreed to leave in exchange for a letter of reference that would not mention his prior sexual assaults. Id. In 1974, Castle, on behalf of ISD, signed a "reference form" for Friedrichs' use in obtaining new employment. Id. With the knowledge that the reference form would be forwarded to potential employers, Castle and ISD sent the form to the "Career Development Center" of West Chester State College in Pennsylvania, Friedrichs' alma mater. Id. West Chester State College then forwarded the form to Fayette Board in 1975. See Doc. No. 14 at 7.

Fayette Board was considering hiring Friedrichs and submitted an "Out of County Experience Record" to ISD in August, 1975.  Id. at 6.  The County Superintendent of ISD signed and returned this form to Fayette Board in September, 1975.  Id. at 7.  Fayette Board then hired Friedrichs in 1975.  Doc. No. 1, Attachment A at 4.  Twenty-two years passed and then Friedrichs sexually assaulted then thirteen-year-old Michael Pascocciello.  Id. at 2.

After the case was removed to this court, Fayette Board cross-claimed for indemnity or contribution against defendants ISD, Castle, and Friedrichs.  Defendants ISD and Castle moved to dismiss for lack of personal jurisdiction.  In response, plaintiffs argue that this court has personal jurisdiction over ISD, and Fayette Board argues that this court has personal jurisdiction over both ISD and Castle.

## II.  Legal Framework - Personal Jurisdiction

When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question is one for the judge, with the burden on the plaintiff to prove grounds for jurisdiction by a preponderance of the evidence.  See Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); Mylan Laboratories, Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993).  However, when, as is the case here, the district court addresses such a motion without an evidentiary hearing, and reviews the question solely on the basis of the motion, the memoranda of law, and the complaint, the plaintiff need only prove a prima facie case of

personal jurisdiction.  See Combs, 886 F.2d at 676; Mylan, 2 F.3d at 60.  In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the evidence and resolve all factual disputes in the plaintiff's favor.  See Mylan, 2 F.3d at 60; see also Combs, 886 F.2d at 676 (court must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction."); Felicia, Ltd. v. Gulf American Barge, Ltd., 555 F. Supp. 801, 803 (D.C. Ill. 1983).

   Traditionally, the resolution of the question of jurisdiction over a non-resident defendant is a two-step process.  The court must first determine whether the state long-arm statute confers jurisdiction; if the statute does confer jurisdiction, the court then determines whether the exercise of that jurisdiction comports with the constitutional mandates of due process.  See Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1199 (4th Cir. 1993); English & Smith v. Metzger, 901 F.2d 36, 38 (4th Cir. 1990).  However, in cases where the state's long-arm statute extends to the limits of due process, the analysis collapses to the second step only, and the court need only determine whether the exercise of jurisdiction comports with due process.  See Bashaw v. Belz Hotel Mgmt. Co., Inc., 872 F. Supp. 323, 325 (S.D. W. Va. 1995) (Haden, C.J.).  West Virginia's long-arm statute has been held to extend to the limits of due process.  See Harman v.

4

Pauley, 522 F. Supp. 1130, 1135 (S.D. W. Va. 1981).  Thus the court may consider solely the due process issue in its personal jurisdiction analysis.

The test to be applied when determining whether the exercise of personal jurisdiction comports with due process requires the court to determine whether

> (1) the defendant has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state; and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice, taking into account such factors as (a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolutions of controversies as between states, and (e) the shared interest of the several states in furthering fundamental substantive social policies.

Lesnick v. Hollingsworth & Vose Co., 35 F.3d 939, 945-46 (4th Cir. 1994).

To establish specific jurisdiction, courts look to (1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable."  See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs, Inc., 334 F.3d 390, 397 (4th Cir. 2003).

### III.  Analysis

#### A.  Interboro School District

5

In their motion for reconsideration, the plaintiffs assert that this court holds general personal jurisdiction over ISD through "continuous and systematic" contacts.  See Doc. No. 138 at 1-9.  Plaintiffs assert that ISD's purchases during 2003 and 2004 from two companies located in West Virginia comprise contacts sufficient to establish general personal jurisdiction in this forum.  Id. at 3.  However, purchases are simply not enough to establish general personal jurisdiction.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 418 (1984) (holding that "mere purchases, even if occurring at regular intervals, are not enough to warrant a state's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions").  Accordingly, this court again rejects plaintiffs' argument that general jurisdiction over ISD exists in West Virginia.

The remainder of plaintiffs' arguments for reconsideration merely restate arguments presented prior to the court's September 16, 2005 order.  Accordingly, for the reasons stated in that order, this court reaffirms that it lacks personal jurisdiction over ISD.

### B.  Robert J. Castle

#### 1.  Purposeful Availment

Fayette Board as cross-claimant and defendant Castle dispute whether Castle has sufficient contacts with West Virginia to establish specific personal jurisdiction.  Fayette Board asserts

that the "reference form" that Castle signed and sent the to West Chester College is sufficient to establish personal jurisdiction because it shows that Castle put Friedrichs into the "stream of commerce." Doc. No. 81 at 6.

A party "purposefully avails" himself of the benefits and protections of a state when there are "some actions by the [party] *himself* that create a 'substantial connection' with the forum State." See Asahi Metal Ind. Co., Ltd. v. Superior Court of California, 480 U.S. 102, 109 (1987) (citation omitted). When the defendant enjoys "'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). It follows that the contact with the forum must be at the defendant's direction and not the "unilateral activity of another party or a third person." Id.

The contact alleged by Fayette Board does not demonstrate that Castle purposefully availed himself of the laws and protections of West Virginia. Fayette Board asserts a single contact between Castle and West Virginia: that Castle prepared a "reference form" which was later forwarded to West Virginia. See Doc. No. 81 at 6. Although this form found its way to Fayette Board in West Virginia, it was not directed at West Virginia. Fayette Board even notes that the reference form was submitted to West Chester State College, an institution located within

7

Pennsylvania. See Id. at 2. Therefore, the only location to which Castle directly sent the "reference form" was to another Pennsylvania entity.

Fayette Board argues that because Castle knew the "reference form" would be forwarded to other states, including West Virginia, he purposefully availed himself of this forum by putting Friedrichs into the "stream of commerce."[2] That the "reference form" ultimately ended up in West Virginia was merely a fortuitous confluence of events: that is, Friedrichs' applying for a job in West Virginia, that school having sufficient interest in Friedrichs to request the "reference form," and Friedrichs not finding another job in a different jurisdiction before that time. A merely fortuitous contact does not provide a basis for personal jurisdiction. See Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004) ("[A] defendant's actions must have been 'directed at the forum state in more than a random, fortuitous, or attenuated way.'" (citing ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 625 (4th Cir. 1997)).

Moreover, the alleged contact occurred solely by mail. There is support for the proposition that contacts by mail into a

---

[2] Fayette Board asks this court to treat Friedrichs as a product distributed by Castle in his capacity as principal of ISD. The stream of commerce theory provides little basis for finding minimum contacts when the entity shifting borders is a person rather than a product. Fayette Board offers no precedent (and the court finds none) to support extending the stream of commerce theory to apply to individuals as commercial objects.

8

foreign forum are insufficient to establish personal jurisdiction.  See Nicholas v. Buchanan, 806 F.2d 305, 307 (1st Cir. 1986) (declining to find jurisdiction when the inter-state contacts were via telephone communications and U.S. mail); see also Scullin Steel Co. v. Nat'l Ry. Utilization Corp., 676 F.2d 309, 314 (8th Cir. 1982) ("The use of interstate facilities (telephone, the mail) . . . are secondary or ancillary factors and cannot alone provide the 'minimum contacts' required by due process.").  Accordingly, this court finds that Castle's contacts with West Virginia are not sufficient to show that he purposefully availed himself of this forum.

### 2.  Arise Out of Contacts

This court notes that even if it found that Castle had purposefully availed himself of the privileges of conducting business in West Virginia, the court would still have grave concerns over whether the suit arose out of the contacts.  The last contact that Fayette Board alleges Castle had occurred in 1975.  The alleged injury the plaintiffs suffered did not occur until 1997 when Michael Pascocciello was thirteen.  Plaintiff Michael Pasocciello was not even born at the time of the last substantiated contact between Castle and West Virginia.  The alleged contacts are too attenuated to establish personal jurisdiction over Castle.  Accordingly, this court GRANTS Castle's motion to dismiss for lack of personal jurisdiction.

9

### **III.  Transfer**

This court retains personal jurisdiction over Friedrichs and Fayette Board.  Friedrichs does not challenge this court's personal jurisdiction over him and the Fayette Board abandoned its challenge by failing to defend it in its motions to dismiss.  Plaintiffs and Fayette Board have failed to establish that ISD and Castle are subject to personal jurisdiction in West Virginia.  Accordingly, the court must either dismiss the claims against ISD and Castle or transfer them pursuant to 28 U.S.C. § 1631 to a district having personal jurisdiction over ISD and Castle.

Pursuant to Fed. R. Civ. P. 21, this court sua sponte SEVERS the claims against ISD and Castle from the claims against Fayette Board and Friedrichs.  As this case was filed in this jurisdiction within the statute of limitations, the interests of justice would dictate that this action be adjudicated on the merits and not barred by the statute of limitations.  Accordingly, pursuant to 28 U.S.C. § 1631, this court further orders the claims against ISD and Castle TRANSFERRED to the Eastern District of Pennsylvania in which personal jurisdiction appears to exist.  The claims against the Fayette Board and Friedrichs remain pending in this court.

## IV. Conclusion

The Clerk is directed to TRANSFER the claims against ISD and Castle to the Eastern District of Pennsylvania. Further, the Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record and to the Eastern District of Pennsylvania.

It is SO ORDERED this 8th day of November, 2005.

ENTER:

David A. Faber
Chief Judge