IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MICHAEL VINCENT PASCOCCIELLO, et al.,

    **Plaintiffs,**

v.                                    CIVIL ACTION NO. 5:04-1085

EDGAR W. FRIEDRICHS, JR.,

    **Defendant.**

<u>MEMORANDUM OPINION AND ORDER</u>

    Pending before the court is plaintiffs' motion for summary judgment (Doc. No. 156).  Defendant failed to file a response within the time allotted.  Accordingly, the case is ripe for decision.  Having reviewed the record and applicable law, for the reasons outlined below, the court DENIES plaintiffs' motion for summary judgment (Doc. No. 156).

**I.  Factual Background**

    Plaintiffs' Complaint alleges that Friedrichs sexually assaulted Michael Pascocciello and his friend Jeremy Bell, who died as a result.  (Doc. No. 51 ¶ 14 & 15.)  In their Complaint, plaintiffs allege that Michael Pascocciello suffered extreme emotional distress as the result of Bell's death.  (<u>Id.</u> ¶ 15.)  In an unnumbered count, plaintiffs allege that Friedrichs' negligence in administering drugs to Michael Pascocciello and Jeremy Bell resulted in damage to plaintiffs in an amount to be determined at trial.  (<u>Id.</u> ¶ 70.)  Now, plaintiffs move for

summary judgment, asking this court to find that Friedrichs'
prior testimony shows that he negligently inflicted emotional
distress on Michael Pascocciello.

## II.   Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides
that

> [t]he judgment sought shall be
> rendered forthwith if the
> pleadings, depositions, answers to
> interrogatories, and admissions on
> file, together with the affidavits,
> if any, show that there is no
> genuine issue as to any material
> fact and that the moving party is
> entitled to a judgment as a matter
> of law.

Fed. R. Civ. P. 56.  The moving party has the burden of
establishing that there is no genuine issue as to any material
fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met this burden, the burden then
shifts to the nonmoving party to produce sufficient evidence for
a jury to return a verdict for that party.

> The mere existence of a scintilla
> of evidence in support of the
> plaintiff's position will be
> insufficient; there must be
> evidence on which the jury could
> reasonably find for the plaintiff.
> The judge's inquiry, therefore,
> unavoidably asks whether reasonable
> jurors could find, by a
> preponderance of the evidence, that
> the plaintiff is entitled to a
> verdict . . . .

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Id.</u> at 250-251. Significantly, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986). Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962).

## III.  Analysis

Plaintiffs' motion for summary judgment must be denied because plaintiffs fail to show all the elements required under West Virginia law to establish a claim for negligent infliction of emotional distress.[1]  To recover for negligent infliction of emotional distress under West Virginia law, a plaintiff must show (1) that serious emotional distress was a reasonably foreseeable result of the defendant's conduct, (2) that the defendant's conduct caused the victim to suffer a critical injury or death, and (3) that the plaintiff suffered serious emotional distress as

---

[1]  Plaintiffs' motion fails even to state the standard for negligent infliction of emotional distress under West Virginia law.

3

a direct result of witnessing the victim's critical injury or death.  Haldreth v. Marrs, 188 W. Va. 481, 494, 425 S.E.2d 157, 169 (1992); see also Jones v. Sanger, 204 W. Va. 333, 337-38, 512 S.E.2d 590, 594-95 (1998) (applying the Haldreth elements); Stump v. Ashland, Inc., 201 W. Va. 541, 546-50, 499 S.E.2d 41, 46-50 (1997) (same).  To determine whether the plaintiff's emotional distress was reasonably foreseeable to the defendant, the court looks to (1) whether the plaintiff was closely related to the injury victim, (2) whether the plaintiff was physically located at the scene of the injury and aware of the victim's injury, (3) whether the victim was critically injured or killed, and (4) whether the emotion distress suffered was serious.  Id.

     In support of their motion, plaintiffs submit sworn testimony from Friedrichs that he acted negligently toward Jeremy Bell.  (Doc. No. 156-6, Friedrichs trial testimony at 43.)  In addition, plaintiffs correctly point out that Friedrichs has failed to submit any evidence challenging Michael Pascocciello's trauma or Carolyn Pascocciello's loss of parental consortium. (Doc. No. 157 at 3.)

     Plaintiffs' evidence is simply not enough to satisfy the elements of a claim for negligent infliction of emotional distress.  The burden of proof remains on plaintiffs throughout this litigation, and they cannot use defendant's failure to defend as evidence in support of the merits of plaintiffs'

4

claim.[2]  As the Haldreth court explained, a plaintiff must prove, using medical and psychiatric evidence, that claimed emotional distress is serious.  Haldreth, 188 W. Va. at 491, 425 S.E.2d at 167 (emphasis in original).  Plaintiffs' motion fails because it presents no evidence of Michael Pascocciello's emotional distress, serious or otherwise.  In addition, while plaintiffs present some evidence of foreseeability, they fail to address the closeness in relation between Jeremy Bell (the injury victim) and Michael Pascocciello (the plaintiff allegedly suffering emotional distress).

For the reasons stated above, plaintiffs' motion for summary judgment is denied.  The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED this 16th day of August, 2006.

ENTER:

David A. Faber
Chief Judge

---

[2]  If plaintiffs intend to seek relief on the basis that defendant Friedrichs has failed to respond in this action, the proper method is to seek an entry of default from the Clerk of this court and default judgment from this court against Friedrichs.  See Fed. R. Civ. P. 55(b).  As Rule 55(b) explains, when default judgment is appropriate, the court may use a hearing or jury trial to determine the amount of damages.  See id.  The clerk has already entered default against Friedrichs.  (See Doc. No. 160.)